IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BROADCAST MUSIC, INC., as agent for Broadcast Music, LLC;  HARRICK MUSIC, INC.,  EMI CONSORTIUM SONGS, INC., WARNER-TAMERLANE PUBLISHING CORP.,  BMG RIGHTS MANAGEMENT (US), LLC,  BMG RIGHTS MANAGEMENT GMBH,  FULL VOLUME MUSIC,  SCRAP METAL MUSIC, and  SUGARFUZZ MUSIC INC., <br><br>                    Plaintiffs, <br><br>          vs. <br><br><br> IMAGINATION INDUSTRIES, INC., CASEY ROWE, and HUGH ABRAHAMSON, <br><br>                    Defendants. | 8:25CV693 <br><br><br><br> ORDER TO SHOW CAUSE |

This matter comes before the court after a review of the docket and pursuant to NECivR 41.2, which states in relevant part: "At any time, after appropriate notice, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution." Federal Rule of Civil Procedure 4(m) further provides, "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m).

Plaintiffs commenced this action on December 4, 2025. (Filing No. 1). On January 20, 2026, Plaintiffs filed returned summonses as to Defendants Casey Rowe and

Imagination Industries, Inc. that were executed on January 15, 2026. (Filing No. 28, Filing No. 29). To date, those defendants have not filed a responsive pleading or otherwise appeared in this case, and Plaintiffs have taken no further action.

As to Defendant Hugh Abrahamson, Plaintiffs requested summons on December 4, 2025. (Filing No. 4). That summons was returned unexecuted on January 14, 2026. (Filing No. 23). Plaintiffs requested a new summons for Defendant Abrahamson, which was issued the same day. (Filing No. 26, Filing No. 27). Plaintiffs again filed an unexecuted summons as to that defendant on January 23, 2026. (Filing No. 30). More than 90 days have elapsed since the Complaint was filed, and Plaintiffs have not filed an executed return of service for Defendant Abrahamson and he has not voluntarily appeared.

Under these circumstances, Plaintiffs have a duty to prosecute this action and to ensure timely service of process. Plaintiffs may, for example, seek entry of default as to the served defendants, voluntarily dismiss this action, or take other appropriate action.

Accordingly, IT IS ORDERED that Plaintiffs shall have until March 20, 2026 to show cause why this case should not be dismissed for lack of prosecution pursuant to NECivR 41.2 and for failure to timely serve Defendant Abrahamson pursuant to Federal Rule of Civil Procedure 4(m) or take other appropriate action. Failure to timely comply with this order may result in dismissal of this action without further notice.

Dated this 5th day of March, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge