IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BROADCAST MUSIC, INC; HARRICK MUSIC, INC.; EMI CONSORTIUM SONGS, INC.; WARNER-TAMERLANE PUBLISHING CORP.; BMG RIGHTS MANAGEMENT (US), LLC; BMG RIGHTS MANAGEMENT GMBH; FULL VOLUME MUSIC; SCRAP METAL MUSIC; and SUGARFUZZ MUSIC INC., | **8:25CV693** |
| Plaintiffs, | **ORDER** |
| v. | |
| IMAGINATION INDUSTRIES, INC., CASEY ROWE, and HUGH ABRAHAMSON, | |
| Defendants. | |

Plaintiffs Broadcast Music, Inc.; Harrick Music, Inc.; EMI Consortium Songs, Inc.; Warner-Tamerlan Publishing, Corp.; BMG Rights Management (US), LLC; BMG Rights Management GMBH; Full Volume Music; Scrap Metal Music; and Sugarfuzz Music Inc. (collectively, the "plaintiffs") filed this action on December 4, 2025 (Filing No. 1).  While the plaintiffs have filed returned summonses for defendants Casey Rowe and Imagination Industries, Inc., more than ninety days have elapsed since the filing of the complaint without an executed return of service for defendant Hugh Abrahamson ("Abrahamson").

Accordingly, on March 5, 2026, the magistrate judge ordered (Filing No. 31) plaintiffs to show cause why the case against Abrahamson should not be dismissed for failure to timely serve.  *See* Fed. R. Civ. P. 4(m).  On April 20, 2026, the plaintiffs responded (Filing No. 36) and explained that Abrahamson "may be dismissed" based upon the affidavit he filed (Filing No. 35), which clarifies that he is only Imagination Industries, Inc.'s Secretary and does not have any responsibility for its day-to-day operations.

Given that none of the defendants have served "either an answer or a motion for summary judgment" the Court will construe plaintiffs' response that Abrahamson be dismissed as a notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Accordingly,

Defendant Hugh Abrahamson is dismissed from this case without prejudice.

IT IS SO ORDERED.

Dated this 22nd day of April 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

2